Lastly, it is insisted by appellant that the court erred in dismissing her suit for want of prosecution, her contention being that a jury should have been called and a trial should have been had. There are cases holding that where the plaintiff is in court, either in person or by counsel, when a case is regularly called for trial, if the defendant insists on having a trial of the case the case should be tried, unless the plaintiff takes a voluntary nonsuit. The record here, however, discloses that while appellees were present and ready for trial and were insisting on the same, upon the failure of appellant to proceed with the trial a motion was made by appellees to dismiss the suit for want of prosecution, and this was done. We think, therefore, so far as the record discloses, no error was committed.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*

---

**J. W. Pierce, Plaintiff in Error, v. Southern Railway Company, Defendant in Error.**

**(Not to be reported in full.)**

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 24, 1917.

### Statement of the Case.

Action by J. W. Pierce, plaintiff, against the Southern Railway Company, defendant, to recover damages for the alleged burning of plaintiff's residence through defendant's negligence. From a judg-

ment for defendant, on a directed verdict at the close of plaintiff's evidence, plaintiff brings error.

CLYDE D. MILLER, for plaintiff in error.

KRAMER, KRAMER & CAMPBELL and R. H. WIECHERT, for defendant in error; EDWARD P. HUMPHREY, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

RAILROADS, § 921*—*when evidence that sparks were seen coming out of smokestack of engine is properly excluded in action for loss of property by fire.* Testimony by a witness that he saw, on the night plaintiff's house was burned, sparks coming out of the smokestack of a certain railroad engine a mile away, *held* to be properly excluded, in an action against the railroad company to recover damages for such burning, where the evidence did not show whether the train testified to was on defendant's track, or had passed, or was going in the direction of plaintiff's property.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.